UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

September 13, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:  *Robert S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
     Civil No. 21-0927-BAH

Dear Counsel:

On April 14, 2021, Plaintiff Robert S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Defendant's") final decision to deny Plaintiff's claim for disability insurance benefits. ECF 1. I have considered the extensive record in this case, ECF 12, the parties' cross-motions for summary judgment, ECFs 15 and 18, and Plaintiff's reply, ECF 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. This letter explains why.

## I.   BACKGROUND

This case has a long history.[1] Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on March 20, 2014, alleging a disability onset of March 31, 2011.[2] Tr. 229–35. Plaintiff's claim was denied initially and on reconsideration. Tr. 77–80, 84–85.

### A.   First ALJ Decision

On April 24, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 27–50. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9–26 ("First ALJ Decision"). The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1–5 ("First AC Denial Order"), making the First ALJ Decision the SSA's final, reviewable decision. *Sims v. Apfel*, 530 U.S. 103,

---

[1] On January 29, 2020, Plaintiff sent a letter to Plaitniff's Congressional Representative, Dutch Ruppersberger, expressing Plaintiff's frustration with the then six-year long process to resolve his Social Security disability claim. Tr. 1424–25.

[2] In a letter to the Appeals Council, dated September 9, 2020, Plaintiff's non-attorney representative, Andrew Mathis, stated that "[Plaintiff] amends [Plaintiff's] onset to age 55, August 6, 2011, as it should be found [Plaintiff] meets Grid Rule 202.06." Tr. 1402–03.

*Robert S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-0927-BAH
September 13, 2022
Page 2

106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

On February 21, 2018, Plaintiff petitioned this Court to review the First ALJ Decision, Tr. 1336–43, which resulted in Judge Gesner ordering that the First ALJ Decision be remanded back to the SSA, Tr. 1344–48 ("District Court Remand Order"). Judge Gesner found that "[a]lthough plaintiff did not specifically claim disability on the basis of a mental impairment, [evidence of a mental impairment in the record] placed the ALJ on notice of a possible claim of mental impairment, and the ALJ was required to conduct the special technique analysis[3] to consider the possibility that plaintiff was disabled by a mental impairment." Tr. 1346 (citing *Davis v. Astrue*, Civ. No. 5:10-CV-72, 2011 WL 3236196, at *4–5 (N.D. W. Va July 28, 2011) and noting that the *Davis* Court found "that the ALJ neglected to resolve a crucial issue by failing to consider numerous indications of the plaintiff's depression, including the plaintiff's testimony at the hearing that [Plaintiff] had a hard time sleeping and worried often and progress notes referencing the plaintiff's complaint of depression"). Judge Gesner instructed the subsequent ALJ to "consider evidence of plaintiff's mental impairments and conduct the special technique analysis." Tr. 1346.

On May 3, 2019, the AC issued an order that vacated the First ALJ Decision and remanded Plaintiff's case to an ALJ for further proceedings consistent with the District Court Remand Order. Tr. 1351 ("AC's Remand Order"). The AC's Remand Order instructed the ALJ to "take any further action needed to complete the administrative record and issue a new decision." Tr. 1351.

**B. Second ALJ Decision**

On July 16, 2020, a different ALJ held a second hearing in Plaintiff's case. Tr. 1287–1335. Following this hearing, the ALJ also determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 1253–83 ("Second ALJ Decision"). In a letter to the AC dated September 9, 2020, Plaintiff's non-attorney representative requested that the AC assume jurisdiction over the court-ordered remand. Tr. 1401–03. On February 18, 2021, the AC rejected the request to assume jurisdiction and stated that "[the Second ALJ Decision] is the final decision of the Commissioner of Social Security after remand by the court." Tr. 1245–52 ("Second AC Denial Order"). As such, the Second ALJ Decision constitutes the final, reviewable decision of the SSA presently before the Court. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process to evaluate Plaintiff's claims. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from Plaintiff's alleged onset date of March 31, 2011 through Plaintiff's date last insured of December 31, 2016." Tr. 1259. At step two, the ALJ found

---

[3] The "special technique" refers to the federal regulation requiring that the ALJ rate a claimant's degree of functional limitation using a five-point scale ("[n]one, mild, moderate, marked, and extreme") in four broad functional areas: " [1] understand, remember, or apply information; [2] interact with others; [3] concentrate, persist, or maintain pace; and [4] adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(4).

*Robert S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-0927-BAH
September 13, 2022
Page 3

that Plaintiff suffered from the severe impairments of "spine disorder and hearing loss." Tr. 1259. This finding is notably different from the First ALJ Decision, in which Plaintiff was found to have several severe impairments. Tr. 14. The ALJ also found that Plaintiff had the following non-severe medically determinable impairments: "hypertension (controlled); hernia (repaired); gastroesophageal reflex disease (GERD) (controlled with medications); tennis elbow; prostate cancer; knee arthritis; diabetes mellitus; melanoma; obstructive sleep apnea; urinary problems due to prostate cancer; and obesity"; as well as "depression." Tr. 1259, 1261.

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except the individual can frequently climb ramps and stairs, never climb ladders, ropes and scaffolds, and frequently balance, stoop, kneel, crouch, and crawl. There can be no hazards, moderate noise level per the DOT, and any verbal communication needs to be face-to-face.

Tr. 1265. The ALJ determined that Plaintiff was unable to perform past relevant work as a Human Resources Manager but could perform other jobs that existed in significant numbers in the national economy, including Stock Selector, Sorter, and Janitor. Tr. 1274–75. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1275.

## II.    ANALYSIS

Plaintiff raises one main argument on appeal: that the ALJ failed to support Plaintiff's RFC determination with substantial evidence. ECF 15-1, at 10–17. More specifically, Plaintiff contends that the ALJ failed to explain why Plaintiff would be able to perform the exertional requirements of medium work.[4] *Id.* at 13. Plaintiff states that "[t]he critical distinction between medium and light work are the lifting and carry requirements of each respective occupational base." *Id.* Had the ALJ found Plaintiff capable of only light work, Plaintiff contends that the ALJ would have been required to find Plaintiff disabled. ECF 15-1, at 11–12. Because, in Plaintiff's estimation, the ALJ did not adequately explain why Plaintiff met the lifting and carrying requirements of medium work with a narrative discussion and a function-by-function analysis, Plaintiff argues that the ALJ committed reversible error. ECF 15-1, at 13–17. Defendant counters that "the ALJ's narrative discussion clearly cited to medical and non-medical evidence to support the RFC finding for a reduced range of medium work, and the ALJ explained the substantial evidence that supported the RFC finding." ECF 18-1, at 5.

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be

---

[4] The physical exertion requirements are provided in 20 C.F.R. § 404.1567.

Case 1:21-cv-00927-BAH   Document 20   Filed 09/13/22   Page 4 of 5

*Robert S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-0927-BAH
September 13, 2022
Page 4

conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Against this backdrop, the Court considers Plaintiff's claim that the ALJ's RFC analysis is not supported by the required narrative discussion and function-by-function analysis. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

Here, unlike in *Mascio* and *Dowling*, the ALJ provided ample reference to the record to support the RFC determination with substantial evidence. The ALJ engaged in a narrative discussion of Plaintiff's medical evidence spanning over five pages and citing to specific medical evidence in the record.[5] Tr. 1265–71. The ALJ then logically explained how this evidence, coupled with Plaintiff's hearing testimony and the medical opinions of State Agency medical consultants L. Robbins, MD, and A. Serpick, MD, and Plaintiff's primary care provider, Frank Sparandero, MD, leads to the conclusion that Plaintiff has the capacity to perform medium work. Tr. 1271–73. Specifically, the ALJ noted that since March 2011, Plaintiff "regularly noted to providers that [Plaintiff] was doing well, had 0/10 pain, and [Plaintiff's] report of symptoms was usually negative." Tr. 1271. The ALJ also credited Plaintiff's testimony that "from March 2011 through May 2015, Plaintiff's activities of daily living included daily personal care, breakfast, feeding animals, watering the garden, errands, television, dinner and chilling out." Tr. 1271. The ALJ noted that Plaintiff's testimony and other evidence in the record established that after May 2015, Plaintiff's activities increased to include "more gardening, mowing, walking for exercise, trimming woods back, and taking care of [Plaintiff's] patio," as well as "doing at least some of the work" renovating Plaintiff's house, "play[ing] baseball with [Plaintiff's] 11-year-old grandson, bowl[ing] weekly, walk[ing] with [Plaintiff's] wife for exercise, and work[ing] out in the yard. Tr.

---

[5] To the extent Plaintiff argues that the Court should disregard all evidence cited that pertains to dates after December 31, 2016, Plaintiff's date last insured, ECF 19, at 3, the Court notes that the bulk of the ALJ's discussion relates to evidence predating December 31, 2016. *See* Tr. 1265–69.

*Robert S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-0927-BAH
September 13, 2022
Page 5

1271–72.

Plaintiff argues that the ALJ failed to explain her conclusions regarding Plaintiff's physical exertional capacity despite a specific instance of exacerbated pain symptoms after lifting. ECF 19, at 3. But the ALJ noted that regarding Plaintiff's back pain, Plaintiff "was symptomatic for a short period, with a quick resolution based on conservative treatment involving physical therapy, and other conservative treatments." Tr. 1271. Further, the ALJ gave "great weight" to the medical opinions of Dr. Robbins and Dr. Serpick regarding their findings that Plaintiff could perform at a medium exertional level "as this assessment is consistent with the claimant's conservative treatment, mostly consisting of physical therapy from time to time, and with typically benign findings, as described above and claimant's usual report of 0/10 pain." Tr. 1272. Plaintiff does not take issue with these medical opinions, or the weight that the ALJ gave them, on appeal.

As such, Plaintiff's argument that the ALJ improperly determined Plaintiff's lifting and carrying abilities amounts to a request to reweigh the evidence. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fisk v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Although reasonable minds may differ as to whether Plaintiff can lift 50 pounds or lift and carry 25 pounds frequently, the Court must uphold the ALJ's determination because it is supported by substantial evidence.

### III.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED and Defendant's Motion for Summary Judgment, ECF 18, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge